The opinion of the court was delivered by
Bermudez, O. J.
This is an application for a mandamus to compel the defendant judge to try at chambers a rule taken by the District Attorney against a defaulting tax collector.
The District Judge returns, that although the law provides for a summary proceeding, it does not state that such proceeding shall be tried out of term time, at chambers, and that the rule can not be heard and determined unless in regular term time.
Act 102, p. 181, of 1873, is to the effect that the judges of the Second District Oourt in this State, outside of the parish of Orleans shall have authority to try, at chambers, rule upon any delinquent or defaulting tax collector and sureties, as provided by law, and that it shall be their duty, on the application of the District Attorney, within ten days, to proceed in a summary manner to try and determine the same. (Sec. 1 and 2.)
In 1882, by Act No. 96, Sec. 76, the Legislature, considering that the delay of ten days was too long, shortened it to three, and in 1888, by Act No. 85, Sec. 78, provided likewise.
Laws are repealed or amended either expressly or impliedly. As a rule, a general statute, without negative words, will not repeal the particular provisions of a former one, unless the two acts are irreconcilably inconsistent. The reason and philosophy of the rule is that when the mind of the legislator has been turned to the details of a subject, and he has acted upon it, a subsequent statute, in general terms, or treating the subject in a different manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions unless it is absolutely necessary to give the latter such a construction in order that its words may have any meaning at all. Sedgwick on Construction of Law, p. 98, ed. 1874; State vs. Kelly, 12 An. 805; St. Martin vs. New Orleans, 14 An. 113.
There is nothing in the Acts of 1882 and 1888 from which it can be to any extent deduced that when the Legislature enacted them it *76 intended to do away with that portion of the Act of 1873 which required the trial of rules against tax collectors at chambers, when it could not take place during term time.
Those acts were not designed to repeal uno flatu all previous legislation, but to affect only anterior inconsistent laws, and left unimpaired laws on the same subject matter.
Far from conflicting with the Act of 1873, they are in perfect harmony with it, and must therefore coexist and be construed together.
See. 54 of the Act of 1888, to which the District Judge alludes, does-not sustain his course. It gives to a tax collector the right to proceed summarily by rule against a person assessed, as well during' vacation as in term time.
It is no legislation relative to proceedings against delinquent tax collectors, and if it were, it would warrant expressly such proceedings at chambers. It regulates only proceedings against a person assessed. Indeed, if the Legislature wills that such party shall be proceeded against summarily, even during vacation, how much more reason is there that a delinquent tax collector should be brought to account as summarily and promptly as practicable, in order to protect and save as much as possible the public revenue and the State Treasury.
The defendant judge relies also, on the ruling in the case of the Police Jury vs. Manning, 16 An. 182; but it does not bear out hiS’ position. The law left a District Judge a discretion to try cases of expropriation, either in term or during vacation, although they were to be heard and determined summarily; while, under the Act of 1873, it is made his duty to try rules against defaulting tax collectors, during vacation, when the same can not be tried during term time.
The previous court well said that the purpose of the law in permitting the trials of such rules either in terms or between terms, in court or in chambers, was celerity, 31 An. 739; and the present court in a kindred case, has said that the law regulating the relations between the State and the gatherers of her revenues is of extreme rigidity and must be strictly enforced. 37 An. 718.
The law leaves no discretion to a District Judge as to the time when such rules must be tried. If the court is not in session, the District Attorney has a right to demand, and it is the ministerial duty of the judge to order, that the rule be tried at chambers, after1 three days’ notice.
*77 It is therefore ordered that the mandamus herein asked, be made peremptory.